IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO
2010 JAN 15 PM 4: 54
CLERK-LAS CRUCES

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>**CARL EMANUEL HAESE,**<br><br>    Defendant. | CRIMINAL NO. CR 10-130 JC |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **CARL EMANUEL HAESE**, and the defendant's counsel, Jess Lilley:

### REPRESENTATION BY COUNSEL

1.    The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.    The defendant further understands the following rights:

    a.    to be charged and prosecuted by indictment;

    b.    to plead not guilty;

    c.    to have a trial by jury;

    d.    to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

    e.    against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.   The defendant hereby agrees to waive these rights and to plead guilty to an information to be filed charging violation of 18 U.S.C. § 1343, that being Wire Fraud, and 18 U.S.C. § 2, that being Aiding and Abetting.

## SENTENCING

4.   The defendant understands that the maximum penalty the Court can impose is:

   a.   imprisonment for a period of not more than twenty (20) years;

   b.   a fine not to exceed $250,000.00;

   c.   a mandatory term of supervised release of not less than three (3) years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

   d.   a mandatory special penalty assessment of $100.00.

5.   The defendant understands and agrees that sentencing is pursuant to the Sentencing Reform Act of 1984 and the United States Sentencing Guidelines, which are in effect advisory. The Court is required to consider the applicable advisory sentencing guideline range in determining the appropriate sentence. Notwithstanding such advisory guidelines, the defendant fully understands that no one can predict with certainty what sentence the Court will impose and the defendant fully understands that determination of the actual sentence imposed is solely in the discretion of the Court.

6.   It is expressly understood and agreed by and between the defendant and the United States that:

a. The United States has made, and will make, NO AGREEMENT pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that a specific sentence is the appropriate disposition of this case.

b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the stipulations agreed to in paragraph 9, below.

c. The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32(c), Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

## DEFENDANT'S ADMISSION OF FACTS

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **On or about October 15, 2008, Todd Stockton contacted me regarding treatment for Lyme disease. I told Mr. Stockton that I had a treatment protocol for Lyme disease and that I had a 100% success rate for everybody that I treated. My representation that I had a 100% success rate for everybody that I treated was false. In fact, my treatments have produced varying results. Mr. Stockton paid in excess of $5,000.00 for his Lyme disease treatment with a Chase**

**Visa credit card. The credit card transaction initiated at the Haese Clinic in Las Cruces, New Mexico and was processed by BBNT Bank in North Carolina."**

8.    By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

9.    The United States and the defendant stipulate as follows:

a.    Pursuant to U.S.S.G. § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, the defendant is entitled to a reduction of two (2) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States Probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

b.    Provided the defendant meets the requirements of U.S.S.G. §3E1.1(b), the government agrees to move for a reduction of one (1) additional level from the base offense level as calculated under the sentencing guidelines.

c.    The parties stipulate to an eight level enhancement pursuant to U.S.S.G. §2B1.1 (b)(1)(E).

    d.  The parties stipulate to a two level enhancement pursuant to U.S.S.G. §2B1.1(b)(2)(A).

    e.  The defendant agrees to pay a fine in the amount of $10,000.00;

    f.  Notwithstanding the defendant's guilty plea to one discrete count of Wire Fraud involving one victim, the defendant agrees to pay full restitution to all victims of his wire fraud scheme in an amount to be determined at sentencing.

  10.  The United States and the defendant understand that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. The defendant understands and agrees that if the Court does not accept any one or more of the above stipulations, the defendant hereby waives the right to appeal the Court's rejection of such stipulations.

## DEFENDANT'S OBLIGATIONS

  11.  The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information concerning the defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

## WAIVER OF APPEAL RIGHTS

  12.  The defendant is aware that 18 U.S.C. §§ 1291 and 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal this conviction and/or any sentence within

the statutory maximum authorized by law. In addition, the defendant agrees to waive any collateral attack to this conviction and/or sentence pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

## GOVERNMENT'S AGREEMENT

13. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present Information.

14. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

16. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the information filed in this case, as well as perjury, false statement, and obstruction of justice.

## SPECIAL ASSESSMENT

17. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

18. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 15th day of January, 2010.

GREGORY J. FOURATT
United States Attorney

for MARK A. SALTMAN
ANDREA HATTAN
Assistant U.S. Attorneys
555 S. Telshor Blvd., Ste. 300
Las Cruces, NM 88011
(575) 522-2304 - Tel.
(575) 522-2391 - Fax

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

CARL EMANUEL HAESE
Defendant

JESS LILLEY
Attorney for Defendant

N:\GWaldon\saltman\1343\Haese Plea Agreement revised.wpd