AO 243 (Rev. 2/95)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District of New Mexico |
|---|---|
| Name of Movant: Carl Haese | Prisoner No. 50584-051  Case No. CR 10-130 |
| Place of Confinement: MCFP Springfield Federal Medical Center, P.O. Box 4000, Springfield Missouri 65801 | |

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO
LAS CRUCES
2014 AUG 15 PM 2:32

UNITED STATES OF AMERICA   v.   Carl Haese (name under which convicted)   14-CV-730 JP-CG

**MOTION**

1. Name and location of court which entered the judgment of conviction under attack

2. Date of judgment of conviction  January 15, 2010.

3. Length of sentence  27 months

4. Nature of offense involved (all counts)  One count of violating 18 U.S.C. 1343, wire fraud and 18 U.S.C. 2, Aiding and Abetting

5. What was your plea? (Check one)
   (a) Not guilty  ☐
   (b) Guilty  ☒
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☐
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes  ☐   No  ☒

8. Did you appeal from the judgment of conviction?
   Yes  ☐   No  ☒

(2)

AO 243   (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court

   (b) Result

   (c) Date of result

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court

        (2) Nature of proceeding

        (3) Grounds raised

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐   No ☒

        (5) Result

        (6) Date of result

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court

        (2) Name of proceeding

        (3) Grounds raised

AO 243   (Rev. 2/95)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☒

    (5) Result

    (6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐   No ☒
    (2) Second petition, etc.    Yes ☐   No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

The Plaintiff claims that counsel was ineffective because he did not file an appeal after I ask him to, the Plaintiff ask his counsel to appeal the enhancements that he received that was not a part of the plea agreement.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

AO 243     (Rev. 2/95)

    (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
    (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
    (e) Conviction obtained by a violation of the privilege against self-incrimination.
    (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
    (g) Conviction obtained by a violation of the protection against double jeopardy.
    (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
    (i) Denial of effective assistance of counsel.
    (j) Denial of right of appeal.

A. Ground one:

Supporting FACTS (state *briefly* without citing cases or law):

Ineffective assistance of counsel, I ask my counsel to appeal the fact of the enhancements because I would not have plea guilty.

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

(5)

AO 243    (Rev. 2/95)

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

because this is my first time in a court room and my counsel told me he was going to take care of everything.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing

(b) At arraignment and plea   Jess R. Lilley, 1014 S. Main Street Las Cruces, NM 88005

(c) At trial

(d) At sentencing   Jess R. Lilley, 1014 S. Main Street Las Cruces, NM 88005

(6)

AO 243   (Rev. 2/95)

    (e) On appeal

    (f) In any post-conviction proceeding

    (g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:
    November 14, 2011; 27 months.

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☒   No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

8/12/14
Date

_____
Signature of Movant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| CARL HAESE,<br>Plaintiff,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | § § § § § § § § § § § § | CASE No. CR 10-130-JP |

REQUEST FOR LEAVE TO FILE A CERTIFICATE OF

APPEALABILITY UNDER 28 U.S.C § 2255(c)(2)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

COMES NOW, Carl Haese, in pro se and respectfully moves this court
of Appeals to consider Plaintiff's motion under 28 U.S.C.
§ 2255(c)(2) liberally. Plaintiff respectfully reminds
this court of Appeals that a pro se motion should be
held to a less strict standard than an motion drafted
by a lawyer. Erickson, 551 U.S. at 94.

Under Rule 11 of the Rules Governing 2255 Proceedings, the Court
must issue or deny a certificate of appealability when it enters

1.

a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 2255(c)(2).1 To satisfy this standard, the Plaintiff must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004)(quoting Tennard v. Dretke, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed. 2d 384 (2004)). For reasons stated above the Plaintiff will make a substantial showing of the denial of his constitutional rights, so that this court of Appeals may grant this request for a certificate of appealability.

Plaintiff Carl Haese, plead guilty in the united states district court for the district of new mexico, to unlawfully, knowingly and intentionally use interstate wire communication facilities in carrying out a scheme to defraud or obtain money by means of false pretenses, representations or promises. In violation of 18 U.S.C. § 1343; and 18 U.S.C. § 2.

The standard of review of Section § 2255 petitions is quite stringent the Court presumes that the proceedings which led to Plaintiff's conviction were correct. Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, Plaintiff must show a defect in the proceedings which resulted in a "complete miscarriage of justice". Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed. 2d 109 (1974).

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. <u>United States v. Anderson</u>, 374 F.3d 955, 957 (10th Cir. 2004); <u>Hahn</u>, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what the Plaintiff reasonably understood when he entered the plea. <u>United States v. Arevalo-Jimenez</u>, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of Plaintiff. <u>Hahn</u>, 359 F.3d at 1343.

The Plaintiff is aware that Title 18, U.S.C. § 3742 affords a Plaintiff the right to appeal the conviction and sentence imposed. By entering into this agreement, the Plaintiff knowingly waives any right to appeal if the Court imposes the sentence requested by the parties. The Plaintiff also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attact, including, but not limited to, a motion brough under Title 28 U.S.C. § 2255 [except as limited by 18 U.S.C. § 3582(c)(2) and a motion under Fed Rule of Civ. Pro. 60(b). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18 U.S.C. § 3742(b), the Plaintiff is released from this waiver and may appeal the sentence as authorized by Title 18 U.S.C. § 3742(a).

To establish ineffective assistance of counsel, Plaintiff must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a

"reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). To meet the first element counsel's deficient performance. Plaintiff must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the Plaintiff by the Sixth Amendment." In other words, Plaintiff must prove that counsel's performance was "below an objective standard of reasonableness" United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988). As to the second element, the Court must focus on the question "whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed. 2d 180 (1993).

Plaintiff claim that counsel was ineffective because he did not file an appeal, after Plaintiff asked him to do so. Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85, 120 S.Ct. 1029, 145 L.Ed. 2d 985 (2000); United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). If Plaintiff requests an appeal, counsel must file a timely notice of appeal. If counsel believes after conscientious examination that

4.

an appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967). To evaluate Plaintiff's claim that Jess Lilley, was ineffective because he did not file an appeal, an evidentiary hearing is necessary on the issue. The Plaintiff ask that this Court Please see that the Plaintiff qualifie for appointment of counsel under 18 U.S.C. § 3006A, to represent the Plaintiff in this proceeding under Rule 8(c) of the Rules Governing Section 2255 Proceedings.

The Plaintiff understand's that the right to Appeal a waiver of his constitutional rights is significantly limiting to what issues can be Appealed, but it does not "foreclose all Appellate review" of a sentence. <u>Garrett</u>, 402 F.3d at 1266-67. In contrast, a broad waiver of collateral challenges waives collateral review of all issues except for those which are specifically preserved under <u>Cockerham</u>, that is challenges to the validity of the waiver itself. Accordingly, a waiver of collateral challenges generally waives claims of ineffective assistance that pertain to conduct by counsel after entry of the plea agreement. <u>Cockerham</u>, 237 F.3d at 1188. (sentencing-related claim of ineffective assistance of counsel waived because not reasonably characterized as attack on validity of plea). In this case Plaintiff did not plea to the two point enhancement that the Probation Department also believes Plaintiff obstructed justice by intimidating a witness, and Plaintiff ask his counsel to appeal the fact that those two points was not part of the plea agreement and the district court did not make a showing of this

fact without makeing specific and independent findings as required by <u>United States v. Dunnigan</u>, 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed. (1993).

The Tenth Circuit has held that a sentence is procedurally unreasonable if the district court "fails to consider the § 3553(a) factors". <u>United States v. Haley</u>, 529 F.3d 1308, 1311 (10th Cir. 2008). Also the Tenth Circuit has enforced a broad, non-specific waiver of collateral attacks as to claims that counsel failed to file an appeal as requested. <u>Falcon-Sanchez</u>, 416 Fed. Appx. at 730; <u>Shaw</u>, 292 Fed. Appx. at 733 n.4; <u>Macias</u>, 229 Fed. Appx. at 687 n.9; <u>Davis</u>, 218 Fed. Appx. at 784 Even so, in at least one unpublished opinion, the Tenth Circuit has reached a different result, <u>United States v. Lauer</u>, 236 Fed. Appx. 462, 463-65 (10th Cir. 2007)(vacating dismissal of Section § 2255 motion and remanding for hearing to determine whether defendant asked counsel to file appeal)(vacated <u>Order</u>, Doc. #85 file Sept. 14, 2006 in W.D. Okla. No. 04-cr-00206-HE,which held that plea waiver of collateral challenges barred claim that attorney failed to file appeal as requested).
It is beyond dispute that "Sixth Amendment deprivations are subject to the general rule" requiring habeas "remedies [to] be tailored to the injury suffered from the constitutional violation." <u>Morrison</u>, 449 U.S. at 364. To meet this standard, the Supreme Court has told us that a § 2255 remedy must address the Sixth Amendmen violation but that it should also seek to avoid providing "a windfall to the defendant" and should seek to account for any "competing interests" present in the case at hand, including "society's

6.

interest in the administration of criminal justice." Lafler, 132 Ct. at 1388-89; Morrison, 449 U.S. at 364. Bearing these considerations in mind, the presumptively appropriate remedy for a trial with an ineffective lawyer is a new trial with an effective one. Not absolution, not the liberty of avoiding a fair trial simply because at some point along the way the defendant happened to hire a bad lawyer (or someone posing as a lawyer). Instead a court generally seek to "neutralize the taint" of a Sixth Amendment ineffective assistance problem by "assur[ing] the Plaintiff the effective assistance of counsel and a fair plea or trial. Morrison, 449 U.S. at 365; Pearce, 395 U.S. at 721 n. 18 [746 F.3d 1134].

> I, Carl Haese, in pro se hereby state that under the penalty of purjury and 28 U.S.C. § 1746, that the above is True and Correct.

8/12/14
Date

7.

Mr. Carl Haese, pro se

<u>AFFIDAVIT IN SUPPORT OF THE PLAINTIFF'S</u>

<u>MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE</u>

<u>UNDER TITLE 28 U.S.C. § 2255 (c)(2)</u>

COMES NOW, Carl Haese, in pro se and under the penalty of perjury, and 28 U.S.C. § 1746, that the folloing is True and Correct.

(1). I am the Plaintiff in the atteched motion under § 2255. I make this affidavit in support of fore-said motion.

(2). The Plaintiff asked his counsel to Appeal his plea of guilty and the agreement that was made with the government.

(3). The government did not keep with the agreement that he said he and the Plaintiff made with one another.

(4). The obstruction of justice two (2) point enhancement was not a part of the agreement with the government.

(5). I objected to the §3A1.1(b)(1) and §3B1.3. Also §3C1.1. because at know time did I do any of theos offenses.

(6). I would have went to trial had my counsel told me that

1.

I was going to get the enhancements.

8/12/14
Date

Mr. Carl Haese, in pro se

2.

Carl Hyase 50584-051
Medical Center for federal Prisoners
P.O. Box 4000 Spring field, MO 65801

RECEIVED
AUG 15 2014
MATTHEW J. DYKMAN
CLERK

U.S District Court Clerk
100 S. Church ST
Las Cruces, NM 88001