UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOs:  2:10-CR-00130-JAP |
| | ) | 2:09-MJ-01582-KBM |
| Plaintiff, | ) | |
| | ) | CRIMINAL |
| vs. | ) | |
| | ) | Las Cruces, New Mexico |
| CARL EMANUEL HAESE, | ) | |
| | ) | Friday, January 15, 2010 |
| Defendant. | ) | (10:41 a.m. to 11:00 a.m.) |


PLEA HEARING

BEFORE THE HONORABLE KAREN B. MOLZEN,
CHIEF UNITED STATES MAGISTRATE JUDGE


Appearances:            See Next Page

Clerk:                  Becky Wilson

Transcribed by:         Exceptional Reporting Services, Inc.
                        P.O. Box 18668
                        Corpus Christi, TX 78480-8668
                        361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

EXCEPTIONAL REPORTING SERVICES, INC

**APPEARANCES FOR:**


Plaintiff:                      MARK A. SALTMAN, ESQ.
                                Assistant United States Attorney
                                555 S. Telshor
                                Suite 300
                                Las Cruces, NM 88011

                                ANDREA W. HATTAN, ESQ.
                                Assistant United States Attorney
                                555 S. Telshor
                                Suite 300
                                Las Cruces, NM 88011

Defendant:                      JESS R. LILLEY, ESQ.
                                Lilley Law Office
                                1020 S. Main Street
                                Las Cruces, NM 88005

1    <u>**Las Cruces, New Mexico; Friday, January 15, 2010; 10:41 a.m.**</u>

2                      **(Call to Order)**

3            **THE COURT:**  Let's go on ahead and take -- you guys

4    probably want me to take the juvenile first.

5            **MR. SPEAKER:**  It doesn't matter.

6            **THE COURT:**  Doesn't matter, then let's go on ahead

7    and take the felony plea.  That's in 09-1582-mj, Carl -- is it

8    Haysee (phonetic)?

9            **MR. LILLEY:**  Haese.

10           **THE COURT:**  And I'm sorry, I couldn't hear you.

11           **MR. LILLEY:**  Haese.

12           **THE COURT:**  Haese, all right.

13           **MR. SALTMAN:**  Good morning, your Honor.  Mark Saltman

14   for the Government with Andrea Hattan.

15           **MR. LILLEY:**  Morning, Judge.  Jess Lilley on behalf

16   of Carl Haese.

17           **THE COURT:**  All right, Mr. Haese, if you would raise

18   your right hand, please, I'm going to place you under oath.  Do

19   you solemnly swear that your testimony today in Court will be

20   the truth, the whole truth, and nothing but the truth, so help

21   you God?

22           **THE DEFENDANT:**  I do.

23           **THE COURT:**  All right.  Now that you're under oath,

24   you must tell me the truth or you could be prosecuted for

25   perjury or making a false statement.

4

1          **THE DEFENDANT:**  Yes, ma'am.

2          **THE COURT:**  It's important that you understand

3     everything that's happening today.  If you have any questions

4     at all, please ask me to explain more fully or ask for some

5     more time to talk to Mr. Lilley.  All right, and I will need

6     you to speak up into that microphone.  You might want to aim it

7     closer to you there.  Sir, first of all, Mr. Lilley tells me

8     you want to plead guilty to this charge in the information.  I

9     need to make sure you understand that you have the right to

10    have your guilty plea taken by a higher district judge who has

11    been appointed for life.  I'm a magistrate judge appointed for

12    an eight-year term.  If you prefer a district judge, that's

13    fine, but we would need to reschedule for another day.  One is

14    not available.  Are you instead willing to let me preside?

15         **THE DEFENDANT:**  Yes, ma'am.

16         **THE COURT:**  Okay.  Also, you have the right to plead

17    guilty to a charge that comes in the form of a Grand Jury

18    indictment.  Now, the Grand Jury is a group of not less than 16

19    ordinary people, and they could only formally charge you in a

20    Grand Jury indictment if, after looking at the evidence, at

21    least 12 of those grand jurors were convinced that you probably

22    committed this crime.  Your case has not been presented to the

23    Grand Jury so we don't have an indictment for you to plead

24    guilty to.  The only way I can take your plea today is if

25    you're willing to instead plead to a different kind of charge

1   known as an information.  That's a charge filed by the United

2   States Attorney's Office.  Are you willing to plead to an

3   information rather than a Grand Jury indictment?

4          **THE DEFENDANT:**  Yes, your Honor.

5          **THE COURT:**  Okay.  Sir, what is your full name?

6          **THE DEFENDANT:**  Carl Emanuel Haese.

7          **THE COURT:**  And your age?

8          **THE DEFENDANT:**  Thirty-three

9          **THE COURT:**  And how far did you go in school?

10          **THE DEFENDANT:**  University graduate.

11          **THE COURT:**  Okay, where was that?

12          **THE DEFENDANT:**  Several different universities, your

13   Honor.  I've got a Bachelor's from Ashwood University, I've got

14   three different medical from Caribbean to China to Ecuador.

15          **THE COURT:**  And what kind of medical degrees are

16   those?

17          **THE DEFENDANT:**  Naturopathic.

18          **THE COURT:**  Okay.  Now, let's see, do you have a drug

19   or alcohol addiction?

20          **THE DEFENDANT:**  No, ma'am.

21          **THE COURT:**  Today are you under the influence of

22   drugs, medicines, or alcohol?

23          **THE DEFENDANT:**  No, your Honor.

24          **THE COURT:**  And do you have a physical or mental

25   illness that could impair your ability to understand what's

6

1    happening?

2              **THE DEFENDANT:**  No, your Honor.

3              **THE COURT:**  Have you received a copy of the

4    information that's charged?

5              **THE DEFENDANT:**  Yes, ma'am.

6              **THE COURT:**  And do you understand that this

7    information alleges that you -- let's see -- committed wire

8    fraud?

9              **THE DEFENDANT:**  Yes, your Honor.

10             **THE COURT:**  I'm just getting it down to the basic

11   term.  Do you understand the elements of that charge that the

12   Government --

13             **THE DEFENDANT:**  Yes, your Honor.

14             **THE COURT:**  -- would have to prove?  Willing to waive

15   formal reading, Mr. Lilley?

16             **MR. LILLEY:**  Yes, ma'am.

17             **THE COURT:**  What are the maximum penalties that Mr.

18   Haese faces if he's found guilty?

19             **MR. SALTMAN:**  Your Honor, if Mr. Haese is found

20   guilty of the charge, he faces imprisonment for a period of not

21   more than 20 years, a fine not to exceed $250,000, a mandatory

22   term of supervised release of not less than three years, and a

23   special penalty assessment of $100.

24             **THE COURT:**  All right, do you understand those

25   maximum statutory penalties?

1          **THE DEFENDANT:**  Yes, your Honor.

2          **THE COURT:**  All right.  Now, I don't believe this is

3 an 11(c)(1)(C), is it?

4          **MR. SALTMAN:**  It is not, Judge.

5          **THE COURT:**  All right.  I want to make sure that you

6 understand that there will also be other consequences that flow

7 from pleading guilty.  You're a citizen of the United States?

8          **THE DEFENDANT:**  Yes, your Honor.

9          **THE COURT:**  If you plead guilty, you'll stand as a

10 convicted felon and you'll lose valuable civil rights,

11 including the right to vote, the right to hold public office,

12 the right to serve as a juror, and the right to possess any

13 kind of firearm, ammunition, explosive device, or body armor.

14 Do you understand that loss of civil rights?

15          **THE DEFENDANT:**  Yes, your Honor.

16          **THE COURT:**  Also, as a convicted felon you will have

17 a criminal history and that history can be used to enhance your

18 punishment if you are convicted of another crime in the future;

19 do you understand that?

20          **THE DEFENDANT:**  Yes, your Honor.

21          **THE COURT:**  If after you are sentenced to a term of

22 imprisonment -- you will be placed on a term of supervised

23 release by the district judge.  And the terms of those -- of

24 that supervised release you must be in compliance with at all

25 times.  If you violate any of those conditions for supervised

1  release, you could go back to prison and a whole new term of

2  supervised release be imposed; are you aware of that?

3          **THE DEFENDANT:**  Yes, ma'am.

4          **THE COURT:**  Also, we don't have parole in the federal

5  system.  You will serve at least 85 percent of any time that

6  you are sentenced to as far as incarceration; do you understand

7  that?

8          **THE DEFENDANT:**  Yes, your Honor.

9          **THE COURT:**  All right, you will also be giving up any

10  kind of defense that you could have raised in these

11  proceedings.  You'll not be able to argue that you were

12  illegally arrested or that any of the evidence against you was

13  illegally obtained; do you understand that?

14          **THE DEFENDANT:**  Yes, your Honor.

15          **THE COURT:**  Okay.  You also will not be able to argue

16  that you are innocent of this offense; do you understand that?

17          **THE DEFENDANT:**  Yes, your Honor.

18          **THE COURT:**  Now, with regard to that maximum

19  sentence, I believe you said 20 years?

20          **MR. SALTMAN:**  Yes, your Honor.

21          **THE COURT:**  The judge who sentences you is going to

22  have a great deal of discretion in deciding what the

23  appropriate sentence should be, and the judge can sentence you

24  all the way up to that 20 years of incarceration if that would

25  be a reasonable sentence; do you understand that?

9

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Have you talked to Mr. Lilley about the

3  federal sentencing guidelines and how they might apply in your

4  case?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Those federal sentencing guidelines are

7  advisory only, but they do carry a great deal of weight.  In

8  fact, the district judge is required to consult the guidelines,

9  perform the calculations, determine the applicable guideline

10  range, and explain the reason for the sentence that is imposed;

11  do you understand that?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Usually a judge will sentence within the

14  applicable guideline range.  But there are times that a judge

15  will depart upwards or downwards and that will be upheld as

16  long as it is a reasonable sentence; do you understand that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Okay.  Now, Mr. Lilley I know will have

19  given you his best estimate of how those guidelines will apply

20  in your case, but that's all it is is an estimate.

21          THE DEFENDANT:  Yes, ma'am.

22          THE COURT:  There are no guarantees; and even if

23  you're sentenced to more time than you're expecting or

24  different fine, whatever, you have to understand that you

25  cannot withdraw your plea on that basis.

1      **THE DEFENDANT:**  Yes, ma'am.

2      **THE COURT:**  All right, let's talk about this written

3 plea agreement.  Did you read through it before you signed it?

4      **THE DEFENDANT:**  Yes, your Honor.

5      **THE COURT:**  And that is your signature at the back?

6      **THE DEFENDANT:**  Yes, your Honor.

7      **THE COURT:**  And did you discuss all of its terms with

8 Mr. Lilley?

9      **THE DEFENDANT:**  Yes, your Honor.

10      **THE COURT:**  Let's go through it just carefully.  In

11 here you do make a statement with regard to your admission of

12 facts for a factual basis.  I'm still going to ask that I get a

13 factual basis today independent of that.  And then -- let's see

14 -- has Mr. Haese, has he retained the right to ask the judge to

15 depart downwards?

16      **MR. LILLEY:**  Yes, we have, Judge.

17      **THE COURT:**  Okay.

18      **MR. LILLEY:**  There's no downward (indiscernible)

19      **THE COURT:**  Okay.  Now, in addition to reserving that

20 right, you have certain stipulations with the Government.

21 First, that there should be basically a three-level reduction

22 for your acceptance of responsibility.  You and the Government

23 stipulate that there should be an eight-level enhancement and -

24 - pursuant to 2B1.1(b)(1)(E).  What's that basis for an eight?

25      **MR. LILLEY:**  That's restitution amount.

1          **THE COURT:**  All right.  The parties stipulate to a

2   two-level enhancement pursuant to Section 2B1.1(b)(2)(A).

3          **MR. LILLEY:**  It's the number of victims.

4          **THE COURT:**  Okay, and what is the number of victims

5   in this case?

6          **MR. LILLEY:**  The stipulation here is to I think over

7   ten.

8          **THE COURT:**  Okay.  And you agree to pay a fine in the

9   amount of $10,000.  And, notwithstanding your guilty plea to

10  one discreet count of wire fraud involving one victim, you

11  agree to pay full restitution to all victims of your wire fraud

12  scheme in an amount to be determined at sentencing.

13         **MR. LILLEY:**  Correct.

14         **THE COURT:**  All right, is that your understanding of

15  the stipulations that you have with the Government?

16         **THE DEFENDANT:**  Yes, your Honor.

17         **THE COURT:**  Now, those stipulations are not binding

18  on the judge who sentences you.  The judge can reject one or

19  all of those stipulations and you still could not withdraw your

20  plea of guilty; do you understand that?

21         **THE DEFENDANT:**  Yes, ma'am.

22         **THE COURT:**  You're also giving up your right to

23  appeal the judge's rejection of any of those stipulations, as

24  well as giving up your right to appeal the sentence that is

25  ultimately imposed.  Do you understand that waiver of your

1    appeal rights?

2              **THE DEFENDANT:**  Yes, your Honor.

3              **THE COURT:**  And are you aware that such waivers are

4    enforced by the higher courts?

5              **THE DEFENDANT:**  Yes, ma'am.

6              **THE COURT:**  Okay.  Has anyone made any promises or

7    assurances to you that are not contained in this written plea

8    agreement?

9              **THE DEFENDANT:**  No, your Honor.

10             **THE COURT:**  Okay, so this agreement contains all of

11   the promises; is that right?

12             **THE DEFENDANT:**  Yes, ma'am.

13             **THE COURT:**  Okay.  And, counsel, have I accurately

14   stated everything?

15        **MR. SALTMAN:**  Yes, your Honor.  I did represent to

16   defense counsel that at sentencing I would be asking for a

17   sentence at the low end of the guideline range.

18             **THE COURT:**  All right.  Thank you for putting that on

19   the record.  Okay.  Now, Mr. Haese, you do have the right to

20   plead not guilty and persist in that plea and proceed to a

21   trial -- jury trial.  At that trial, you would be presumed

22   innocent and you would have the assistance of your lawyer.  If

23   you couldn't afford an attorney, one would be appointed for you

24   to represent you.  Are you retained at this point, Mr. Lilley?

25             **MR. LILLEY:**  Yes, Judge.

1          **THE COURT:**  Okay.  Do you understand that right, sir?

2          **THE DEFENDANT:**  Yes, ma'am.

3          **THE COURT:**  Also, at that trial you could compel

4    witnesses to come and testify under oath pursuant to a

5    subpoena.  You would be able to see and hear all of the

6    witnesses when they testified, and Mr. Lilley would be able to

7    cross examine all of the witnesses while they were under oath.

8    The Government could not force you to testify at the trial and

9    your silence could not be used as evidence against you, but it

10   would be your choice to make whether to take the stand and

11   testify on your own behalf.  You have that right.

12         **THE DEFENDANT:**  Yes, ma'am.

13         **THE COURT:**  You could not be convicted unless the

14   Government proved your guilty beyond a reasonable doubt as to

15   all of the elements that make up this offense.  Your trial

16   would be to a jury of 12 and the jury's verdict would have to

17   be unanimous.  Do you understand all of that?

18         **THE DEFENDANT:**  Yes, your Honor.

19         **THE COURT:**  Do you understand that by pleading guilty

20   today, you will be giving up that trial and those rights that

21   come with that trial?

22         **THE DEFENDANT:**  Yes, ma'am.

23         **THE COURT:**  Okay.  Have you had enough time to talk

24   to Mr. Lilley --

25         **THE DEFENDANT:**  Yes, ma'am.

14

1          THE COURT:  -- about the charge and any possible

2   defense you may have?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  And has he been able to answer all of

5   your questions?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  Are you satisfied with his advice and

8   representation?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Is anyone pressuring you or forcing you

11   to plead guilty?

12          THE DEFENDANT:  No, ma'am.

13          THE COURT:  Are you doing this voluntarily?

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  All right, I'm going to ask you to listen

16   carefully.  What would the Government be able to prove if this

17   matter proceeded to a trial?

18          THE DEFENDANT:  With regard to the charge in the

19   information, your Honor, the evidence is that in August, 2008,

20   Mr. Haese was operating a medical clinic in Las Cruces called

21   the Haese Clinic of Integrated Medicine.  And on or about

22   October 15th, 2008, a Lyme Disease patient named Todd Stockton

23   (phonetic) contacted the clinic because Mr. Stockton had heard

24   that Mr. Haese had a cure for Lyme Disease.  During telephone

25   conversations, Mr. Haese told Mr. Stockton that he did have a

1   cure for Lyme Disease and he had treated people for Lyme

2   Disease, that he had had a 100 percent success rate for everybody

3   that he had treated.  That representation was false.  Mr. Haese

4   had treated several people for Lyme Disease with varying

5   results.  Some of those results had been successful, others far

6   from successful.  In fact, some people had even contacted the

7   Mexico Board of Pharmacy to complain about complications they

8   were experiencing as a result of their Lyme Disease treatment.

9   In furtherance of that fraudulent statement, Mr. Haese

10  convinced Mr. Stockton that he had this fail-safe cure for Lyme

11  Disease.  Mr. Stockton signed up to receive the treatment, paid

12  Mr. Haese in excess of $5,000 with a credit card.  That credit

13  card transaction was initiated at the Haese Clinic here in Las

14  Cruces and processed by a bank in North Carolina, so it crossed

15  interstate lines for purposes of the wire fraud statute.

16          **THE COURT:**  All right.  And I know your plea

17  agreement calls for restitution.  I just need to make sure that

18  you understand that is one of the consequences of pleading

19  guilty is restitution.

20          **THE DEFENDANT:**  Yes, your Honor.

21          **THE COURT:**  All right.  Mr. Haese, having listened to

22  counsel, how do you plead to this charge, guilty or not guilty?

23          **THE DEFENDANT:**  Guilty, your Honor.

24          **THE COURT:**  All right.  Can you tell me in your own

25  words what you did that makes you guilty of this crime?

1          THE DEFENDANT:  I misrepresented the outcome of

2   treatment to Mr. Stockton.

3          THE COURT:  All right, and tell me precisely how you

4   did that.

5          THE DEFENDANT:  Mr. Stockton heard about my clinic

6   from unknown sources to me, contacted me, asked me about the

7   overall treatment, what it consisted of, what it included, told

8   me about his case, came into the office, provided us with all

9   of his medical history.  Based on his medical history, based on

10  where he currently was health wise, I had assured Mr. Stockton

11  that I thought that he would do well with the treatment and I

12  told him that I thought that he would be within my success

13  rate.

14         THE COURT:  And did you misrepresent the success rate

15  that you've had?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  All right.  And then he paid you $5,000;

18  is that right?

19         THE DEFENDANT:  Yes, ma'am.

20         THE COURT:  And did that transaction occur with a

21  credit card?

22         THE DEFENDANT:  Yes, ma'am, it did.

23         THE COURT:  All right.  And you admit that that was a

24  wire transfer, basically some kind of --

25         THE DEFENDANT:  Yes, ma'am, apparently so.

1          **THE COURT:**  -- connection on the wires?  And you knew

2    that that was a misrepresentation at the time that you made it?

3          **THE DEFENDANT:**  Yes, ma'am.

4          **THE COURT:**  Okay.  Anything else you want me to ask?

5          **MR. SALTMAN:**  No, your Honor, I believe that's --

6          **MR. LILLEY:**  No, your Honor.

7          **THE COURT:**  All right, so basically is everything

8    that Mr. Saltman said true?

9          **THE DEFENDANT:**  Yes, ma'am.

10          **THE COURT:**  Then it is the finding of the Court that

11   the Defendant, Carl Emanuel Haese, is fully competent and

12   capable of entering an informed plea, he's aware of the nature

13   of the charge and consequences of the plea, and this plea of

14   guilty is knowing, it's voluntary, and it is supported by an

15   independent basis in fact that contains all of the elements of

16   the offense.  I accept your plea and now adjudge you guilty of

17   that crime.  I'm deferring acceptance of the plea agreement.

18   That's going to be up to the district judge who sentences you.

19   You're going to be meeting with Probation, and Mr. Lilley will

20   be with you.  You'll provide information for a presentence

21   report.

22          **THE DEFENDANT:**  Yes, ma'am.

23          **THE COURT:**  After it's prepared, he'll review it with

24   you and file any objections you may have to that report.

25          **THE DEFENDANT:**  Yes, ma'am.

1          **THE COURT:**  When you do appear for sentencing, both

2   you and Mr. Lilley will be able to speak on your behalf.  I'm

3   anticipating it will be about 90 days before you get to

4   sentencing.

5          **THE DEFENDANT:**  Yes, ma'am.

6          **THE COURT:**  Now, I previously had him out I believe

7   on his own --

8          **MR. LILLEY:**  I think it was a $5,000 unsecured bond,

9   Judge.

10         **THE COURT:**  Was it $5,000 unsecured?

11         **MR. LILLEY:**  Yes, Judge.

12         **THE COURT:**  And I did see there -- is this a new

13  presentence -- or Pretrial Services --

14         **MR. SPEAKER:**  Well, what happened your Honor --

15         **THE COURT:**  Yes?

16         **MR. SPEAKER:**  -- if I can explain what -- you

17  actually release him first --

18         **THE COURT:**  Yes.

19         **MR. SPEAKER:**  -- and then all he has (indiscernible)

20         **THE COURT:**  Okay, all right.  So any objection to

21  those conditions for release remaining in effect?

22         **MR. SALTMAN:**  Not at all, your Honor.

23         **MR. LILLEY:**  Judge, I know I -- Probation had talked

24  to me prior to and they wanted Mr. Haese to turn over his

25  passport, so we don't have a problem with that.  And so I will

1   -- he will drop that off at my office early next week and I

2   will have that hand-delivered to Mr. (indiscernible)

3           **THE COURT:**  All right.  Do I need to put anything

4   in --

5           **MR. SPEAKER:**  No, your Honor --

6           **THE COURT:**  -- to modify it?

7           **MR. SPEAKER:**  -- if you can just hold that

8   (indiscernible) everything on a receipt.

9           **THE COURT:**  All right, let's do it that way then.

10  All right, Mr. Haese, especially now you want to make sure that

11  you don't get in any trouble, don't violate any state, local,

12  or federal laws because you've reserved the right to ask the

13  judge to sentence you as low as possible.

14          **THE DEFENDANT:**  Yes, ma'am.

15          **THE COURT:**  All right.  Don't give him a reason to

16  not do that.

17          **THE DEFENDANT:**  Yes, ma'am.

18          **THE COURT:**  All right, anything else?

19          **MR. LILLEY:**  Judge, do we know who the district judge

20  is assigned?

21          **THE COURT:**  No, not yet.

22          **MR. LILLEY:**  Not yet, okay.

23          **THE COURT:**  I don't think so.  Oh, we do now?

24          **THE CLERK:**  No, I'm not sure who it will go to.

25          **THE COURT:**  We're not sure.

1          **MR. LILLEY:**  Okay, we'll find out later.  Thank you,

2     Judge.

3          **THE COURT:**  Okay, we'll find out later.  All right,

4     thank you, sir.

5          **THE DEFENDANT:**  All right, thank you.

6          **(This proceeding was adjourned at 11:00 a.m.)**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____          March 30, 2015_


TONI HUDSON, TRANSCRIBER