IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | No.   CR 10-130-JAP |
| ) | CV 14-720 JAP/CG |
| **CARL EMANUEL HAESE**, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## UNITED STATES' SUPPLEMENTAL BREIF

The United States hereby provides supplemental briefing, per Court Order, on the issue of whether an evidentiary hearing is necessary where a petitioner claims in a sworn 28 U.S.C. § 2255 motion that his counsel failed to file a Notice of Appeal after being directed to do so.

I.   Relevant Facts

On January 15, 2010, Defendant pled guilty to a one-count information charging Wire Fraud, in violation of 18 U.S.C. § 1343. CR Doc. 23.[1]

On March 22, 2012, the Court sentenced Defendant to 27 months imprisonment and restitution in the amount of $164,522.33. CR Docs. 62, 70; Ex. 3 at 54, 56.[2]

On April 3, 2012, the Court entered Judgment. CR. Doc. 64.

On June 29, 2012, the Court entered an Amended Judgment modifying the amount of restitution. CR Doc. 70.

---

[1] Citations to CR Doc.____ " refer to the number of the document on the District Court's docket sheet for Defendant's criminal case, 10-CR-130 JAP.
[2] Ex. 3 is the sentencing hearing transcript which was filed as an attachment to CR Doc. 85.

On August 15, 2014, Defendant filed a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C § 2255. CR Doc. 77, CV Doc. 1.[3] In his motion, Defendant alleges one claim summarized as follows:

Claim One: His attorney was ineffective because his attorney failed to file a timely notice of appeal after Defendant requested him to do so.

The time-limit for Defendant to file a § 2255 motion expired on July 15, 2013.

II.     Law and Legal Analysis

If the Court finds, as it should, that Defendant's § 2255 motion is untimely, no evidentiary hearing is needed. This is true even if Defendant's § 2255 claim is that he directed his attorney to file a Notice of Appeal and his attorney failed to do so. *See United States Guerrero*, 488 F.3d 1313, 1315-1316 (10th Cir. 2007) (remanding case for a hearing to determine whether the defendant requested counsel to file a notice of appeal, finding that the issue was raised within the one-year time limit set by AEDPA).

If, however; the Court finds that Defendant's § 2255 motion is timely, Defendant is entitled to an evidentiary hearing. When the issue is whether a defendant requested his attorney to file a Notice of Appeal and the attorney failed to do so, the defendant is entitled to an evidentiary hearing on the issue, so long as the issue is raised timely. *See Guerrero* at 1313; *United States v. Garrett*, 402 F.3d 1262, 1266 (10th Cir. 2005); *United States v. Lee-Speight*, 529 F.App'x 903 (10th Cir. 2013).

Because Defendant's § 2255 motion is untimely (it was filed 13 months after the one-year time limit set by AEDPA), no evidentiary hearing is needed. If, however; the Court finds

---

[3] Citations to "CV Doc.___" refer to the number of the document on the District Court's docket sheet for Defendant's civil case, 14-CV-720 JAP/CG.

that Defendant's § 2255 motion is timely, Defendant is entitled to an evidentiary hearing on the issue of whether he asked his attorney to file a Notice of Appeal and his attorney failed to do so.

III.    Conclusion

Defendant is not entitled to an evidentiary hearing because his § 2255 motion is untimely. This is true even though his single claim is that he requested his attorney to file a Notice of Appeal and his attorney failed to do so.

> Respectfully submitted,
>
> DAMON P. MARTINEZ
> United States Attorney
>
> *Electronically filed on 8/21/2015*
> MARK A. SALTMAN
> Assistant United States Attorney
> 555 S. Telshor, Suite 300
> Las Cruces, New Mexico 88011
> Phone: 575-522-2304
> Fax: 575-522-2391

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed a copy of the foregoing on August 21, 2015 to Defendant/Petitioner at the following address:

> Carl Emanuel Haese
> 7535 El Centro Road
> Las Cruces, New Mexico 88012
>
> _____/s/_____
> MARK A. SALTMAN
> Assistant United States Attorney