**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARL EMANUEL HAESE,

    Petitioner,

v.    NO. 14-CV-720-JAP/CG
        10-CR-130-JAP

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINIDNGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Carl Haese's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* ("Petition"), (CV Doc. 1), filed on August 15, 2014; *United States' Response to Defendan/Movant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence* ("Response"), (CV Doc. 8), filed June 8, 2015; and *United States Supplemental Brief*, (CV Doc. 10), filed August 21, 2015.[1] Senior United States District Judge James A. Parker referred this matter to this Court to make proposing findings and a recommended disposition. (CV Doc. 2). After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that the Petition be **DISMISSED WITH PREJUDICE**.

**I.    Factual and Procedural Background**

Petitioner is incarcerated at the Medical Center for Federal Prisoners, ("MCFP"), in Springfield, Missouri. (CV Doc. 1 at 1). On January 15, 2010, pursuant to a *Plea Agreement*, (CR Doc. 26), Petitioner plead guilty to an *Information*, (CR Doc. 23),

---

[1] Documents referenced as "CV Doc. ___" are from case number 14-cv-0720-JAP-CG.   Documents referenced "CR Doc. ___" are from case number 10-cr-130-JAP-1.

.

charging him with wire fraud. Judgment was entered on April 3, 2012, (CR Doc. 64), and, after a hearing, Judge Parker sentenced Petitioner to a 27-month period of incarceration and ordered him to pay restitution in the amount of $164,522.53 . (CR Doc. 64). The judgment was amended on June 29, 2012 to modify the amount of restitution to be paid by Petitioner. (CR Doc. 70).

Judge Parker granted Petitioner the opportunity to voluntarily surrender for service of his sentence. (CR Doc. 70 at 2). On May 8, 2012, Petitioner moved to continue his surrender date from May 16, 2012 to August 16, 2012 in order to recover from surgeries performed on his foot to remove an infection. (CR Doc. 65). Judge Parker granted the request and continued Petitioner's surrender date until that time. (CR Doc. 66). Thereafter, Petitioner filed several additional motions to continue the surrender date, (CR Docs. 71, 73, 75), due to his medical condition. These requests were also granted, and Petitioner eventually surrendered to the United States Marshal's custody on July 15, 2013. (*See* CR Doc. 76 (granting continuance of surrender until July 15, 2013)).

Petitioner then brought this action pursuant to 28 U.S.C. § 2255 on August 15, 2014, over two years after entry of the amended judgment, asking this Court to permit him to withdraw his guilty plea because he received ineffective assistance of counsel. (CV Doc. 1 at 3). As grounds, Petitioner states that his trial counsel was ineffective because his attorney did not appeal his conviction after he had asked him to do so. (CV Doc. 1 at 10).

On February 10, 2015, this Court issued a *Memorandum Opinion and Order to Show Cause*, (CV Doc. 3), directing Petitioner to show cause why his Petition was not filed within the one-year limitation period applicable to 28 U.S.C. § 2255 habeas petitions. Petitioner filed his *Response to the Order to Show Cause*, (CV Doc. 4), on March 9, 2015,

stating that the limitation period should be equitably tolled due to his medical condition. (CV Doc. 4 at 1-2).

Respondent argues that the Petition is untimely because it was not filed within one year from the date on which the judgment became final, as required by statute. (CV Doc. 8 at 8). Respondent further contends that Petitioner is not entitled to equitable tolling of the statutory limitation. (CV Doc. 8 at 9-11). If the Court finds that the Petition is timely, Respondent's position is that Petitioner is entitled to an evidentiary hearing on the question of whether Petitioner asked his attorney to file a Notice of Appeal, and the attorney failed to do so.[2]  (CV Doc. 10 at 2).

## II.     Legal Standard

An individual claiming that his sentence "was imposed in violation of the Constitution or laws of the United States" may move a court to vacate, set aside, or correct a sentence by filing a petition under 28 U.S.C. § 2255(a). To obtain habeas relief under § 2255, the petitioner must demonstrate "an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict." *United States v. Johnson*, 996 F. Supp. 1259, 1261 (D. Kan. 1998) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). A court must hold an evidentiary hearing on a § 2255 petition unless the motions, files, and records conclusively show that the prisoner is not entitled to any relief. 28 U.S.C. § 2255(b).

## III.    Analysis

Petitioner alleges that he was denied effective assistance of counsel because his lawyer did not file an appeal of his sentence, after Petitioner had asked him to do so. (CV Doc. 1 at 3). Respondent contends that the Petition is time-barred because it was not filed

---

[2]  The Court ordered Respondent to file a supplemental brief to clarify whether its position was that Petitioner was entitled to an evidentiary hearing on the merits of this case. (*See* CV Doc. 9).

within one year from the date on which the judgment of conviction became final, as required by statute. (CV Doc. 8 at 8). Respondent further argues that Petitioner is not entitled to equitable tolling of the deadline, as he has failed to present extraordinary circumstances justifying equitable tolling. (CV Doc. 8 at 9-11).

Motions under 28 U.S.C. § 2255 are subject to a one-year period of limitation, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the Court entered judgment on Petitioner's sentence on April 3, 2012, and subsequently amended the judgment to modify Petitioner's restitution obligation on June 29, 2012. Because Petitioner did not file a direct appeal of his sentence, his conviction became "final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Accordingly, Petitioner's conviction became final 14 days after entry of the amended judgment, or July 13, 2012. *See United States v. Garcia-Roman*, No. 11-3147, 11-3149, 466 Fed. Appx. 750, 750 (10th Cir. Apr. 5, 2012) (unpublished). Petitioner filed his claim on August 15, 2014, over two years after the judgment of conviction became final, and therefore the Petition is untimely.

However, the Tenth Circuit has recognized that equitable tolling of the one-year statute of limitations may be available in certain circumstances. *York v. Galetka*, 314 F.3d

522, 527 (10th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). "As a result, equitable tolling is appropriate only in 'rare and exceptional circumstances.'" *Sigala*, 656 F.3d at 1128 (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). Indeed, "simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (internal citations omitted).

     Petitioner urges that the limitations period should be equitably tolled due to his medical condition. (CV Doc. 4 at 1). Specifically, Petitioner alleges that shortly after his sentencing in April, 2012, he was hospitalized for nine days as he underwent surgery on his right foot. (*Id.*). After being released from the hospital, Petitioner states that he was sent home and received intravenous therapy and was attached to a wound-care pump. (*Id.*). After self-surrendering on July 15, 2013, Petitioner alleges that he was diagnosed with renal kidney failure, and subsequently transferred to a different facility to undergo various tests for approximately four months. (*Id.*). In June, 2014, Petitioner reports that he began peritoneal dialysis, and allegedly became stable enough to file this action in August, 2014. (*Id.*).

     When a petitioner alleges that he was prevented from timely filing his motion due to extraordinary circumstances surrounding mental or physical illness, "[he] must allege more than the mere existence of physical ailments." *Thome v. Roberts*, No. 05-3099 SAC, 2005 WL 2133710, at *4 (D. Kan. Sept. 1, 2005) (unpublished). Indeed, a petitioner must show how the alleged circumstances rendered him unable to file his habeas petition within the one-year time period. *Garza v. Kansas*, No. 11-3283, 449 Fed. Appx. 734, 736

(10th Cir. Nov. 30, 2011) (unpublished); *Gifford v. Everett*, No. 00-8091, 28 Fed. Appx. 748, 751 (10th Cir. Sept. 24, 2001) (unpublished); *Thome*, 2005 WL 2133710, at *4. Generally, this requires an adjudication of incompetency, institutionalization or hospitalization, or incapacitation to the degree that the litigant is unable to pursue his suit. *Worley v. Lytle*, 221 F.3d 1354, at *2 (10th Cir. July 12, 2000) (unpublished).

In this case, Petitioner alleges that he was hospitalized for nine days in April, 2012 to undergo surgery on his right foot. However, based on this information, he was released with over a year remaining to file the Petition. In fact, at the time of his release, the one-year period had not yet begun to accrue, leaving him with approximately 15 months, or 450 days, to file the Petition. Beyond the hospitalization, Petitioner does not allege how he was otherwise incapacitated to the degree that he was unable to file his claim. While Petitioner states that upon discharge from the hospital he remained at home where he received intravenous therapy and was attached to a wound-care pump, he offers no explanation as to how those circumstances actually prevented him from filing his claim within the one-year period. *Lang v. Alabama*, No. 05-11206, 179 Fed. Appx. 650, 652 (11th Cir. May 5, 2006) (unpublished); *Garza*, 449 Fed. Appx. at 736; *Gifford*, 28 Fed. Appx. at 751; *Thome*, 2005 WL 2133710, at *4.

In addition, as Respondent points out, review of the record reflects that after his release from the hospital, Petitioner regularly corresponded with his attorney about filing motions on his behalf, (*See* CR Docs. 65, 71, 73, 75), attended physical therapy appointments, (CR Doc. 73 at 2 ¶ 4), and recovered well, completing therapy on the foot by March, 2013. (CR Doc. 73 at 1 ¶ 3; CR Doc. 75 at 1 ¶ 2). To be sure, in his motions to continue his self-surrender date, Petitioner also mentions other medical conditions, such as herniated discs and eye and kidney problems. (CR Doc. 75 at 1 ¶ 3). Yet, in his

*Response to the Order to Show Cause*, Petitioner does not allege that those conditions contributed to his inability to timely file his claim. While Petitioner does allege that shortly after he surrendered to authorities on July 15, 2013, he fell ill and was diagnosed with renal kidney failure, this condition occurred after the one-year period of limitations had already expired on July 13, 2013. (CV Doc. 4 at 1). As a result, by the time Petitioner was experiencing renal kidney failure, the Petition was already untimely.

Moreover, in order to be entitled to equitable tolling, Petitioner must also demonstrate that he diligently pursued his claims. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). He has failed to do so. Petitioner has not even alleged that he in any way attempted to pursue his claims during the relevant period. *United States v. Brittain*, No. 01-3365, 41 Fed. Appx. 246, 249 (10th Cir. Apr. 26, 2002) (unpublished). The Court also notes that Petitioner was free from incarceration during the entire time the limitations period was running, "making it significantly easier for [Petitioner] to access the resources necessary to timely file a petition." *Barnes v. Booher*, No. 00-7066, 229 F.3d 1162, *1 (10th Cir. Sept. 19, 2000) (unpublished).

In sum, Petitioner does no more than state, in a conclusory fashion, that his medical condition and treatments, which resulted in only nine days of hospitalization, amounted to an uncontrollable circumstance warranting equitable tolling of the one-year limitation period. Under this Circuit's precedent, Petitioner has not made the requisite showing of extraordinary circumstances, and as a result has not met his burden. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (citing *Miller*, 141 F.3d at 978). Indeed, nine days of hospitalization does little to justify filing the Petition over 390 days beyond the deadline. Additionally, Petitioner fails to allege that he diligently pursued his claims during this time. *Miller*, 141 F.3d at 978. Therefore, Petitioner is not entitled to equitable tolling

and the Court finds his Petition to be untimely.

## IV. Recommendation

For the reasons discussed above, the Court finds that Petitioner has failed to demonstrate that extraordinary circumstances prevented him from filing his claim within the one-year limitations period, and that he diligently pursued his claim during that time. As a result, the Court finds that equitable tolling in this case is not justified. Because Petitioner filed his claim outside the one-year limitations period, the Court finds the Petition to be untimely. Accordingly, the Court will not hold a hearing in this case. *See* 28 U.S.C. § 2255(b). Therefore, the Court **RECOMMENDS** that Petitioner Carl Haese's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody*, (CV Doc. 1), be **DISMISSED WITH PREJUDICE**. The Court further recommends that a certificate of appealability be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE